UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARDESHIR ANSARI,<br><br>*Plaintiff,*<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION 32BJ, DISTRICT 615 & TRUSTEES OF BOSTON COLLEGE,<br><br>*Defendants,* | Civil Action No. 19-12382<br><br>COMPLAINT FOR DECLARATORY, MONETARY AND INJUNCTIVE RELIEF<br><br>CIVIL RIGHTS<br>(42 U.S.C. § 2000e) |

Ardeshir Ansari alleges:

## I.  Nature of the Case

1.  This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* to redress religious discrimination.  Ardeshir Ansari, the Plaintiff, holds sincere religious beliefs which conflict with joining or paying fees to the Defendant Service Employees International Union 32BJ, District 615 ("Union").  Mr. Ansari's employer, the Trustees of Boston College ("College"), entered into a collective bargaining agreement with the Union requiring that employees become and remain Union members or suffer discharge. Mr. Ansari requested an accommodation of his sincere religious beliefs, but the College continued to deduct Union fees from Mr. Ansari's paycheck and turn them over to the Union.  Neither the Union nor the College have returned the deducted fees to Mr. Ansari or provided proof of their payment to charity.

## II. Jurisdiction

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1337, and 1343. It has the authority to declare the rights of the parties under 28 U.S.C. §§ 2201 and 2202. Venue is proper in this Court under 28 U.S.C. § 1391. Mr. Ansari's claims arose in Massachusetts, the College is in Massachusetts, and the Union has a local office in Massachusetts.

3. On January 31, 2019, Mr. Ansari filed charges with the Equal Employment Opportunity Commission (EEOC) against the Union and College. On July 24, 2019, the EEOC issued its determination that the Union and College violated Title VII. See Attachment A. On September 3, 2019, the EEOC issued letters to Mr. Ansari which advised that he had a right to institute a civil action under Title VII against the Union and the College. See Attachments B and C. Having exhausted his administrative remedies, Mr. Ansari complied with the EEOC notice by filing suit with this Court within the ninety-day limitations period from the date of the right to sue letters.

## III. Parties

4. Mr. Ansari is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

5. Defendant Union is a "labor organization" within the meaning of 42 U.S.C. § 2000e(d) and (e).

6. Defendant College is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

## IV.  Facts:

7.  Mr. Ansari is a Journeyman Electrician employed at all relevant times by the College.

8.  Mr. Ansari works under a collective bargaining agreement which requires him to join or financially support the Union or face discharge. To avoid discharge, he agreed to have Union fees deducted from his paycheck.

9.  Mr. Ansari is Muslim. He objects to financially supporting the Union because of his sincere religious beliefs.

10.  On October 1, 2018, Mr. Ansari gave written notice to both the Union and the College of the conflict between his religious beliefs and joining or financially supporting the Union.  He asked that his Union fees be diverted to one of several charities. See Attachment D.

11.  Neither the Union nor the College have returned the Union fees to Mr. Ansari or provided any evidence that they have been paid to a charity.  The College discontinued the payroll deduction of Union fees from Mr. Ansari's paycheck sometime after the EEOC found that it was violating Mr. Ansari's Title VII rights.

12.  In a letter dated October 8, 2019, Mr. Ansari gave the Union and College a last opportunity to stop violating his religious beliefs. See Attachment E.

13.  Mr. Ansari fulfilled all conditions precedent to the institution of this lawsuit.

## V. Causes of Action

### Count I: Religious Discrimination

14. Mr. Ansari incorporates the preceding paragraphs 1 – 13.

15. Section 703(c) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2 (c)) prohibits a labor organization from discriminating against an individual because of his religious beliefs. Section 703(a)(1) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2 (a)(1)) prohibits an employer from discriminating against an individual because of his religious beliefs. Section 701(j) Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-(j)) defines religion to include an obligation to reasonably accommodate the religious beliefs of employees. *EEOC v. Abercrombie & Fitch*, 135 S.Ct. 2028 (2015) eliminated religious accommodation as an independent cause of action, and instead required that it be pled as disparate treatment.

16. Mr. Ansari is member of a protected category, that being Muslims who believe that they must not join or financially support a labor union.

17. Mr. Ansari is qualified for his position as an electrician at the College.

18. Despite Mr. Ansari's qualifications, the Union and College agreed that he would be discharged from his job unless he paid money to the Union. He involuntarily paid the Union fees to avoid discharge. The money collected by the College and paid to the Union has not been returned by either the Union or the College. Neither the Union nor the College provided proof that the money collected from Mr. Ansari has been paid to a charity.

19. Employees outside the protected class, those who hold no objections to joining or financially supporting the Union, are not having their religious beliefs violated by an agreement to discharge them.

20. After being placed on notice of Mr. Ansari's sincere religious beliefs and violating those beliefs instead of attempting to reasonably accommodate them, the Union and the College violated Title VII of the Civil Rights Act of 1964.

### Count II: Quid Pro Quo Religious Harassment

21. Mr. Ansari incorporates the preceding paragraphs 1 – 16.

22. Mr. Ansari's religious beliefs are protected by Title VII of the Civil Rights Act of 1964.

23. The involuntary deduction of Union fees after Mr. Ansari gave the Union and College notice of his religious objections was unwelcome.

24. After being aware of his religious objections to joining or financially supporting the Union, the College and Union collected, and the Union retained, the fees from Mr. Ansari's paycheck. The Union fees were repeatedly deducted.

25. The payment of union fees is a condition of Mr. Ansari's employment.

26. After being placed on notice of Mr. Ansari's sincere religious beliefs, and then requiring payment of the Union fees as a condition of his employment, the Union and College engaged in quid pro quo religious harassment in violation of Title VII of the Civil Rights Act of 1964.

## VI.  Prayer for Relief

Accordingly, Plaintiff Ardeshir Ansari asks that this Court:

**A.**  Grant a permanent injunction enjoining Defendants Union and College, their officers, successors, assigns, affiliates, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates against Mr. Ansari based on his religious beliefs.

**B.**  Grant a permanent injunction requiring Defendants College and Union to inform all College employees and all who the Union represents that those with religious objections to the payment of union fees are entitled to pay those fees to a charity.

**C.**  Declare that Ardeshir Ansari has the right to have the entire fee normally demanded by the Union paid to a mutually agreed upon charity.

**D.**  Require the Defendants Union and College to pay all fees collected from Mr. Ansari, together with interest, to a charity mutually agreed upon by the Defendants and Mr. Ansari.

**E.** Require Defendants to pay Mr. Ansari damages for emotional pain, suffering, and mental anguish that he has suffered because of their failure to promptly accommodate his religious beliefs while at the same time continuing to threaten him with discharge through the provisions of their collective bargaining agreement.

**F.**  Grant a permanent injunction enjoining the Defendants from demanding or collecting any Union fees from Mr. Ansari in the future, if Mr. Ansari furnishes the

Defendants with proof that he has paid the amount of an objecting nonmember's compulsory Union fee to a mutually agreed upon charity.

      G.  Award Mr. Ansari his costs in this action, including reasonable attorneys' fees.

      H.  Grant such further relief as the Court deems necessary and proper.

      I.  Retain jurisdiction of this action for a reasonable period after entering a final judgment to ensure that the Defendants comply with the orders of this Court and with the requirements of Title VII of the Civil Rights Act of 1964.

Dated:  November 20, 2019

Respectfully submitted,

/s/ Nicholas F. Casolaro
Nicholas F. Casolaro (BBO 681789)
Cleveland, Waters and Bass, P.A.
The Wingate Building
21 Wingate Street
Haverhill, MA 01830
Telephone: (978) 372-9699
(603) 229-1016
casolaron@cwbpa.com

/s/ Bruce N. Cameron
Bruce N. Cameron (BBO 543142)
Blaine L. Hutchison (VA Bar No. 93987)
*Pro Hac Vice Application Pending*
Frank D. Garrison (IN Bar No. 34024-49)
*Pro Hac Vice Application Pending*
c/o National Right to Work Legal Defense
   Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Telephone: (703) 321-8510
bnc@nrtw.org
blh@nrtw.org
fdg@nrtw.org

*Attorneys for Plaintiff Ardeshir Ansari*

COMPLAINT- *Ansari v. SEIU 32BJ, District 615, et al.,* PAGE- 7.