**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Boston Area Office

John F. Kennedy Federal Building
Government Center
Room 475
Boston, MA 02203-0506
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

RE: Charge No. 523-2019-00572 & 00548
Ansari v. Boston College & SEIU 32 BJ, District 615

Ardeshir Ansari
400 Chestnut Street
Ashland, MA  01721                  (Charging Party)

vs.

Boston College (Office of general Counsel)
14 Mayflower Road
Chestnut Hill, MA 02467-3912        (Respondent)

Service Employees International Union, Local 32BJ
25 West 18th Street
New York, NY 10011-1991             (Respondent)

## **DETERMINATION**

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended. All requirements for coverage have been met.

According to the above referenced charge of employment discrimination, Ardeshir Ansari, hereinafter referred to as Charging Party, alleged that Boston College and the SEIU 32BJ, hereinafter referred to as the Respondent(s), required the Charging Party to join and support the Local Union. Since the Charging Party alleged he had sincere religious beliefs that prevented him from supporting unions, the Charging Party requested to have the deductions of union fees from his paycheck diverted to one of the charities identified by the Charing Party in a letter sent to the Respondent(s) in October 2018.

First, the evidence shows that Charging Party does, in fact, have a religious belief that prevents him from belonging to a trade union and/or from paying for union dues. The evidence further shows the Charging Party did provide information notifying the Respondent(s) that he wanted the deductions from his paycheck used by the union to be diverted to any of the various charities that he specifically identified.

The information shows that, at least up until the time the Respondent(s) prepared their position statements for the current charge, the Charging Party had still not been accommodated. Specifically, the Charging Party has received several paychecks since making his initial

Attachment A

accommodation request and the Respondent(s) have continued to deduct union dues from the Charging Party's paychecks without diverting those funds to one of the third-party charities previously identified by the Charging Party.

In short, it is unreasonable to think the Respondent(s) have still been unable to figure out how to divert/donate the Charging Party's union dues to a third party charity, some five plus months after the Charging Party made his initial religious accommodation request.

Based on the above, the Commission has determined that there is a violation of the statute. This determination is final. The statutes require that if the Commission determines there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter. Enclosed is a letter outlining the proposed conciliation agreement.

Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with the statute, and Section 1601.26 of the Commission's procedural regulations.

If Respondent declines to enter into a conciliation discussion, or when the Commission's representative for any other reason is unable to secure a settlement acceptable to the Commission, the Director shall inform the parties, advising them of the court enforcement alternatives available to aggrieved persons and the Commission.

On Behalf of the Commission:

*Kenneth An* (signature)

_____
Kenneth An
Area Office Director

JUL 2 4 2019

_____
Date